Nicholas Fitzgerald Esq.
Fitzgerald & Associates, P.C.
649 Newark Avenue
Jersey City, NJ 07306-2303
(201) 533-1100
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY -- NEWARK
----------------------------------X
In re:                                  Chapter 13

    Sarella F. Dutan                  Case No. 19-28635-VFP

                                       Hearing Date: April 16, 2020
                                                10:00 a.m.
----------------------------------X

**ATTORNEY'S OBJECTION TO MORTGAGEE'S STAY RELIEF MOTION**

    I, Nicholas Fitzgerald, the above named debtors' counsel, hereby certifies as follows:

    1.  I make this certification in objection to the debtor's second mortgagee's stay relief motion.

    2.  The facts are undisputed. They are:

    a. The debtor's home was subject to three mortgages. The first mortgage was current at the time of filing. The third mortgage is being crammed down to unsecured status. The second mortgage, the mortgage in question, is a **balloon** mortgage which came due during the life of the debtor's payment plan -- it came due on January 1, 2020 and the debtor's case was filed on September 30, 2019.

    b.  The debtor proposed a payment plan to pay her second mortgage -- the balloon mortgage in question herein -- in **full** during the life of the payment plan. Specifically, the plan called for a total of $40,000 as the principal balance to be paid to the second mortgagee with $5,843 in interest on that principal

balance at the Till rate. See pacer docket entry number 3 for copy of the debtor's payment plan -- the plan which was later confirmed.

    c. The debtor's second mortgagee was fully informed of the debtor's plan. Indeed, in December 9, 2019, before the December 19, 2019 confirmation hearing date, they filed a proof of claim with the principal amount claimed owed of $39,977.76 -- almost exactly the $40,000 amount claimed owed on the balloon by the debtor. See proof of claim number 9 filed by the movant.

    d. The debtor's payment plan, as originally proposed, was confirmed on December 20, 2019 **after** the December 9, 2019 date which the movant had filed its proof of claim.

    e. The movant did not file an objection to the confirmation of the debtor's payment plan.

    f. The debtor's confirmed payment plan specifically provides for the movant herein to be paid a total of $40,000 as the principal balance to be paid to the second mortgagee with $5,843 in interest on that principal balance at the Till rate. See Pacer docket entry number 22.

    g. The movant has made a stay relief motion based upon the fact that the debtor did not pay her post-petition mortgage payments for the months October, November, December of 2019 and January of 2020. The post-petition mortgage payments were to be in the amount of $424.44. The movant claims these amounts due in accordance with the original mortgage. The movant mistakenly claims an amount of $424.44 due for the month of January 2020.

The balloon was due on January 1, 2020 and thus it was not the $424.44 which was due but, in accordance with the original mortgage note, the entire balloon amount was due on January 1, 2020, **not** just $424.44. See the attachments to the movant's stay relief papers and proof of claim number 9.

3. It is the debtor's position that **no post-petition mortgage** payments were due because the debtor's confirmed payment plan provided for **full payment** of the balloon mortgage plus interest. Accordingly the stay relief motion is frivolous.

4. Put another way, the debtor's payment plan does **not** reinstate the prior existing second mortgage -- rather what it does is that it modifies the second balloon mortgage as is permitted by law as explained below.

5. 11 U.S.C. §1322 (b)(2) specifically provides that in a case in which the last payment on the original payment schedule for a claim secured only by a mortgage on the debtor's principal residence is due before the date of the final plan payment, the plan may modify the creditor's rights pursuant to Code section 1325 (a)(5). That is exactly the provision utilized by the debtor in the case at bar to obtain confirmation of the debtor's payment plan.

6. The case law makes clear how 11 U.S.C. §1322 (b)(2) works. For example, in the case <u>In re Tekavec</u>, 476 B.R. 555 (Bankr. E.D. Wis. 2012) it was held that the debtors could modify a loan that matured during the plan period, even though the plan provided for automatic extensions. And in the case <u>In re</u>

Brannon, 2010 WL 1657642 (Bankr. M.D. Ala. April 21, 2010) it was held that a debtor could modify a mortgage that fully matured before the petition date regardless of the fact that the junior non-modifiable mortgages existed -- which is exactly on point with the case at bar. And in the case In re Mattson, 210 B.R. 157 (Bankr. D. Minn 1997) it was held that section 1322 (b)(2) predictions did not apply to loans maturing before the end of the plan -- exactly as in the case at bar.

    7. Moreover, the case United States Aid Funds, Inc. v. Espinosa, 559 U.S. 260; 130 S.Ct. 1367; 176 L.Ed. 2d 158 (2010) binds the creditor to the confirmed payment plan. In Espinosa a unanimous Supreme Court held that where a creditor had notice of a proposed Chapter 13 payment plan and where that creditor failed to object to the confirmation of that payment plan or to appeal the confirmation order, that creditor is bound by the terms and conditions of the confirmed payment plan even if the confirmed payment plan had included illegal provisions. In the case at bar the confirmed plan contained **no** illegal provisions. Indeed, for a debtor's counsel to submit a payment plan knowingly containing illegal provisions, could lead to sanctions upon the debtor's counsel.

    8. Accordingly, for the factual and legal reasons stated above it is absolutely clear that the within stay relief motion is frivolous and should be denied.

    I certify that the foregoing statements made by me are true.

I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: March 15, 2020

_____
Nicholas Fitzgerald
Debtor's Counsel